**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| ALLEN LADD, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STEVE KALLIS, )<br>)<br>Respondent. ) | Case No. 18-cv-1063 |

## ORDER AND OPINION

Now before the Court is Petitioner Allen Ladd's ("Petitioner" or "Ladd") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).[1] For the reasons set forth below, Ladd's Petition is DISMISSED WITH PREJUDICE.

## I. BACKGROUND

In 2005, an indictment was returned in the United States District Court for the Western District of Wisconsin charging Ladd with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 1), unlawful possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2), and unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3). *United States v. Ladd*, Case No. 05-CR-042-C-01 (W.D. Wis.), *aff'd*, 215 F. App'x 526 (7th Cir. 2007). Ladd pleaded not guilty and went to trial. He was found guilty on Counts 1 and 3, but was acquitted on the § 924(c) count.

As highlighted in the Presentence Investigation Report, as well as Respondent's brief, Ladd had an extensive criminal history. Resp. at 1-4 (Doc. 10). Prior to trial, the United States filed a Information pursuant to 21 U.S.C. § 851 notifying Ladd that, should he be convicted of

---

[1] Citations to documents filed in this case are styled as "Doc. __."

1

Count 1, the United States would seek an increased penalty based on his prior convictions. Specifically, the notice listed his 1990 conviction for Manufacture/Delivery of Cannabis in violation of 720 ILCS 550/5 (formerly Ill. Rev. Stat. 56 ½ , § 705(d)) in Cook County, Illinois, Case No. 90-CR-0094602, and his 1995 conviction for Manufacture/Delivery of 1-15 Grams of Cocaine in Cook County in violation of 720 ILCS 570/401, Case No. 94-CR-2973201. Doc. 10-1 at 3. Due to the district court's finding that these convictions qualified as felony drug offenses, and the weight of the drugs involved, Ladd was subject to a statutory sentencing range of 10 years to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (West 2006) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment."). At that time, without the § 851 Notice and corresponding finding that he had a prior felony drug offense, Ladd would have faced a statutory sentencing range of not less than five years and not more than 40 years. *Id.*

The district court sentenced Ladd to a term of 360 months for the drug offense and 120 months for the § 922(g)(1) conviction, to run concurrent with his drug sentence. The Seventh Circuit dismissed Ladd's direct appeal, *United States v. Ladd*, 215 F. App'x 526 (7th Cir. 2007), and his petition for writ of certiorari to the Supreme Court was denied. *Ladd v. United States,* 128 S.Ct. 869 (2008). His Motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence was denied without an evidentiary hearing. *Ladd v. United States*, No. 08-cv-744, 2009 WL 723201 (W.D. Wisc. Mar. 17, 2009); *see generally, Ladd v. Cross*, No. 14-CV00246-DRH, 2014 WL 1017625, *1 (S.D. Ill. Mar. 14, 2014) (denial of prior § 2241 petition).

In December 2016, Ladd filed a § 2241 petition in this Court arguing that he should not have been classified as a career offender under the sentencing guidelines in light of the Supreme

Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Ladd v. Krueger,* Case No. 16-cv-1489 (C.D. Ill.). The Court denied this petition, finding that relief was precluded by *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013) (*Hawkins I*), and *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013) (*Hawkins II*), because together they hold that a petitioner may not seek to revisit the district court's calculation of his advisory guidelines range on collateral review. *Ladd,* Case No. 16-cv-1489 (C.D. Ill. Dec. 19, 2017).

Approximately two months later, Ladd filed the instant § 2241 Petition (Doc. 1). Relying again on *Mathis v. United States,* 136 S.Ct. 2243 (2016), he argues that his 1995 conviction for Manufacture/Delivery of 1-15 Grams of Cocaine in Cook County, in violation of 720 ILCS 570/401, did not qualify as a felony drug offense for the purposes of the sentencing enhancement under 21 U.S.C. § 841(b)(1)(A), as defined in 21 U.S.C. § 802(44). Accordingly, he argues he is entitled to a new sentence without the sentencing enhancement.

Respondent filed a response (Doc. 10) on July 30, 2018, arguing that the Petition must be denied because Ladd failed to raise this issue in his previous § 2241 petition, his claim does not fall within the § 2255(e) savings clause, and he cannot establish a miscarriage of justice. Ladd filed a timely reply (Doc. 13).

Additionally, after briefing concluded in this case, Ladd sought relief under Section 404 of the First Step Act of 2018 in the sentencing court. *See Ladd,* Case No. 05-CR-042-C-01, ECF No. 109 (W.D. Wis. Mar. 1, 2019). In 2010, Congress passed the Fair Sentencing Act of 2010 to reduce the sentencing disparity between crack and powder cocaine offenses. The First Step Act gave sentencing courts discretion to resentence individuals such as Ladd, who had been sentenced prior to the Fair Sentencing Act. Under the new statutory sentencing range, with the § 851 notice, Ladd is now subject to a statutory range of 0 to 30 years. *See* 21 U.S.C.

3

§ 841(b)(1)(C) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years."). His guidelines calculation became 262 -327 months' imprisonment. *See Ladd,* Case No. 05-CR-042-C-01, ECF No. 109 at 7. After the government filed a response of no opposition, the district court entered an Amended Judgment and Commitment Order on April 4, 2019, sentencing Ladd to a reduced sentence 262 months' imprisonment on Count 1. *See Ladd,* Case No. 05-CR-042-C-01, ECF No. 113 (W.D. Wis. Mar. 1, 2019). If Ladd did not have a qualifying predicate felony drug offense, the new statutory maximum he would be subject to without the § 851 Notice is 20 years, or 240 months' imprisonment.

## II. LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255

motion,' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is 'grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'" *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017) (*citing Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).

### III. DISCUSSION

Ladd's claim must be dismissed as an abuse of the writ. A petitioner abuses the federal writ of habeas corpus "by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). The federal courts generally decline "to entertain successive petitions under § 2241 or § 2255, unless the law [has] changed or new facts . . . come to light." *Arnaout v. Marberry*, 351 F. App'x 143, 144 (7th Cir. 2009). Here, Ladd has already raised *Mathis*-based claims in a prior petition. *See Ladd v. Krueger,* Case No. 16-cv-1489 (C.D. Ill. Dec. 19, 2017). Ladd's prior petition only argued that *Mathis* invalidated his designation as a career offender for the purposes of the sentencing guidelines, whereas now he argues it invalidates the enhanced statutory sentencing range he was subject to as a result of the § 851 Notice. While the Court assumes this omission from his prior petition was not a deliberate choice, the claim was, nonetheless, available to him in his prior petition. By filing the instant petition, Ladd is abusing the writ, and his petition must be dismissed with prejudice. *Arnaout*, 351 F. App'x at 145 (second habeas petition was an abuse of writ and thus properly dismissed with prejudice).

5

Moreover, Ladd has not shown he would otherwise qualify for relief under § 2241. This Court previously held in *Pulliam v. Krueger,* No. 16-cv-1379, 2017 WL 104184 (C.D. Ill. Jan. 10, 2017), that *Mathis* is both a new rule of statutorily interpretation and is retroactive. *Id.* at *2. *See also Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) (noting that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review"). However, Ladd has failed to show that his claim was "previously unavailable" to him—the second prong of the test to determine if § 2255 was "inadequate or ineffective to test the legality of his detention." A claim is previously unavailable "if '[i]t would have been futile' to raise a claim in the petitioner's original "section 2255 motion, as the law was squarely against him." *Montana,* 829 F.3d at 784 (*citing Webster*, 784 F.3d at 1136). *See also, Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("Only if the position is foreclosed (as distinct from not being supported by—from being, in other words, novel) by precedent . . ." can a petitioner satisfy the second prong of the test); *Ojeda v. Williams*, 734 F. App'x 370, 372 (7th Cir. 2018) (denying petitioner's *Mathis*-based § 2241 petition because "as a formal matter" the petitioner's *Mathis*-type argument "could have been raised on direct appeal or in a § 2255 motion within one year of [petitioner's] 2002 sentence").

In his Reply, Ladd argues that *United States v. Shannon*, 110 F.3d 382, 383 (7th Cir. 1996), foreclosed his claim. Ladd states that *Shannon* held "that the characterization of a previous conviction offered to enhance a defendant's federal sentence is based on the facts charged in the indictment or the information without a deeper inquiry into the circumstances of the offense." Reply at 1 (Doc. 13). There is no direct connection between this holding and Ladd's argument here regarding whether his prior drug conviction qualifies as a felony drug offense. In *Shannon*, the application of the categorical approach and whether a statue was

divisible was not at issue. Rather, the Seventh Circuit held that the sentencing court could not consider the facts alleged in the criminal complaint, nor any other facts besides those charged in the indictment or information. *Shannon*, 110 F.3d at 384. However, the parties had agreed that the court was "free to look at the facts charged in the indictment or information; we are not confined to the minimum conduct that would create the offense." *Id*. at 388. In essence, then, the parties had already agreed that a modified categorical approach applied, and the Seventh Circuit determined which documents could be looked at under the agreed-approach. In those agreed upon documents, the facts showed that the defendant had sexual intercourse with a 13-year old. *Id.* The Seventh Circuit then held that sexual intercourse with a 13-year old is categorically a crime of violence under U.S.S.G. § 4B1.2(1). *Id.* As the parties agreed that the court could look to underlying facts, the holding in *Shannon* did not foreclose any *Mathis*-type arguments regarding when a statute is divisible. And, it certainly did not foreclose any arguments related to whether Ladd's prior drug offense was a felony drug offense. Accordingly, even if the Court did not dismiss Ladd's Petition as an abuse of the writ, he has not shown that his claim could proceed under § 2241 because it does not meet the § 2255(e) test.

Finally, the Court finds that Ladd's claim is meritless. Ladd's Petition and Reply focus on his argument that his 1995 conviction for Manufacture/Delivery of a Controlled Substance, in violation of Illinois statute 720 ILCS 570/401, does not qualify as a felony drug offense because it is overbroad as to drug type. The merits of this argument are dubious. *See e.g., Williams v. Williams*, No. 17-CV-515-JDP, 2017 WL 5195254, at *3 (W.D. Wis. Nov. 9, 2017) (rejecting a similar argument that 720 Ill. Comp. Stat. 570/401 is overbroad as to drug type under the sentencing guideline definition of controlled substance offense). However, the Court need not resolve this issue, as Ladd's 1990 conviction for Manufacture/Delivery of Cannabis, in violation

7

of Illinois statute 720 ILCS 550/5 (formerly Ill. Rev. Stat. Ch. 56 ½, § 705(d) (1990)), falls squarely within the definition of felony drug offense under 21 U.S.C. § 802(44).

The Seventh Circuit has recently instructed that courts should use the categorical approach to determine whether a state law drug conviction is a "felony drug offense" as defined under § 802(44). *United States v. Elder*, 900 F.3d 491, 501 (7th Cir. 2018). Under the categorical approach, courts look to: "whether the state conviction can serve as a predicate offense by comparing the elements of the state statute of conviction to the elements of the federal recidivism statute." *Elder,* 900 F.3d at 501 (*citing Mathis v. United States*, 136 S.Ct. 2243, 2248–49 (2016)). "If state law defines the offense more broadly than the [federal statute], the prior conviction doesn't qualify as a [predicate offense], even if the defendant's *conduct* satisfies all of the elements of the [federal] offense." *Id.* (*citing United States v. Edwards*, 836 F.3d 831, 833 (7th Cir. 2016)).

At the time Ladd was charged with and convicted of Manufacture/Delivery of Cannabis, the relevant Illinois statute provided that it was "unlawful for any person knowingly to manufacture, deliver, or possess with intent to deliver, or manufacture, cannabis." Ill. Rev. Stat. Ch. 56 ½, § 705(d) (1990). A felony drug offense for the purpose of the § 841(b)(1) enhancements is defined at 21 U.S.C. § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." Marihuana is further defined in § 802(16) as "all parts of the plant Cannibis sativa L." 21 U.S.C. § 802(16). There is no conduct made unlawful by the Illinois statute that does not fall within the definition of felony drug offense under § 802(44). Accordingly, Ladd's 1990 conviction for Manufacture/Delivery of Cannabis

remains a felony drug offense. And, as only one felony drug offense is necessary for the enhancement to apply, Ladd's claim would necessarily fail on the merits even if his 1995 conviction for Manufacture/Delivery of a Controlled Substance could not be used as a predicate offense.

## IV. CONCLUSION

For the reasons set forth above, Ladd Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is DISMISSED WITH PREJUDICE.

Signed on this 12th day of April, 2019.

*s/ James E. Shadid*
James E. Shadid
United States District Judge