UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ALLEN LADD,          ) | |
| )         | |
| Petitioner,       ) | |
| )         | |
| v.         ) | Case No. 18-cv-1063 |
| )         | |
| STEVE KALLIS,          ) | |
| )         | |
| Respondent.       ) | |

## ORDER AND OPINION

Now before the Court is Petitioner Allen Ladd's Motion for Reconsideration Under Rule 59(e) (Doc. 16). For the reasons stated below, Ladd's Motion is DENIED.

## BACKGROUND

Ladd brought this Petition under 28 U.S.C. § 2241 challenging the validity of the sentence imposed by the United States District Court for the Western District of Wisconsin after being convicted of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Ladd*, Case No. 05-CR-042-C-01 (W.D. Wis.), *aff'd*, 215 F. App'x 526 (7th Cir. 2007). Ladd was subject to an enhanced statutory sentencing range of 10 years to life imprisonment, due to the weight of the drugs involved and the district court's finding that Ladd had a prior conviction for a felony drug offense. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (West 2006) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment."). Specifically, the sentencing court found he had two predicate offenses that qualified as felony drug offenses: (1) his 1990 conviction for

1

Manufacture/Delivery of Cannabis in violation of 720 ILCS 550/5 (formerly Ill. Rev. Stat. 56 ½, § 705(d)) in Cook County, Illinois, Case No. 90-CR-0094602, and (2) his 1995 conviction for Manufacture/Delivery of 1-15 Grams of Cocaine in Cook County, Illinois in violation of 720 ILCS 570/401, Case No. 94-CR-2973201. *See* Doc. 10-1 at 3.

Ladd argued in his Petition that, in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his 1995 conviction did not qualify as a felony drug offense for the purposes of the sentencing enhancement under 21 U.S.C. § 841(b)(1)(B), as defined in 21 U.S.C. § 802(44). Accordingly, he argued he was entitled to a new sentence without the sentencing enhancement.

This Court dismissed Ladd's Petition on April 12, 2019, as an abuse of the writ because he had already raised *Mathis*-based claims in a prior petition. *See* Doc. 14 at 5; *see also, Ladd v. Krueger,* Case No. 16-cv-1489 (C.D. Ill. Dec. 19, 2017). Further, the Court found that Ladd's Petition could not otherwise proceed under the 28 U.S.C. § 2255(e) savings clause, because he had not shown his claim was previously unavailable to him and he had not shown that there had been a miscarriage of justice. *Id.* at 6-9. Ladd timely filed this Motion for Reconsideration on May 1, 2019.

## DISCUSSION

"Courts may grant Rule 59(e) motions to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of [the decision] or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (internal citation omitted). This enables courts to correct their own errors an avoid unnecessary appeals. *Id.* However, Rule 59(e) motions should not be used "to 'rehash' previously rejected arguments." *Vesely v. Armslist*

*LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

Here, Ladd first alleges the Court erred in dismissing his Petition as an abuse of the writ because the law changed since the filing of his first *Mathis*-based § 2241 Petition. Ladd points to the Seventh Circuit case of *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), which was decided on August 15, 2018. However, Ladd's Petition was filed on February 14, 2018, months before the *Elder* decision was announced. Ladd's Petition obviously did not purport to rely on *Elder,* which had not yet been announced, but only upon *Mathis.* Moreover, *Elder* does not represent a change in law that would allow him to proceed under the § 2255(e) savings clause: *Elder* is a Seventh Circuit case, as opposed to a Supreme Court case, and, as Ladd filed his claim prior to *Elder,* there could be no argument that his claim was not available prior to *Elder. See Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) (holding that in order to invoke the savings clause of 2255(e), a petitioner must show that ""(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion,' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is 'grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'") ((*citing Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). Thus, Ladd has not shown any error of law or fact regarding the Court's dismissal of his Petition for abuse of the writ.

Ladd next argues that the Court erred in finding his claim was not previously foreclosed. As he did in his reply brief, Ladd again argues that it would have been futile to raise his *Mathis* type argument in light of *United States v. Shannon,* 110 F.3d 382, 384-85 (7th Cir. 1996). This Court thoroughly addressed *Shannon* in its original order, and found that "the holding in

*Shannon* did not foreclose any *Mathis*-type arguments regarding when a statute is divisible." *See* Doc. 14 at 6-7. Ladd now points to *United States v. Brooks*, 278 Fed. App'x 688 (7th Cir. 2008), for additional support. In *Brooks,* the defendant argued "that the district court was required to examine [his predicate conviction's] plea colloquy to determine whether his conviction involved a controlled substance." *Id.* at 691. The Seventh Circuit, relying on *Shannon*, rejected this argument because "a sentencing court cannot look behind the statute, judgment, and charging document when the nature of the conviction categorically qualifies for recidivist sentencing consideration under the guidelines." *Id.* Like *Shannon* itself, *Brooks* does not relate to the *Mathis*/divisibility argument Ladd sought to make in his Petition. Accordingly, the Court finds that Ladd has not established any error of law or fact in the Court's original order and judgment.

Moreover, the Court notes that Ladd has not addressed the Court's final reason for dismissing his case—that he could not show a miscarriage of justice. Even if Ladd's 1995 Illinois conviction for manufacture/delivery of cocaine did not qualify as a felony drug offense for the purposes of the sentencing enhancement under 21 U.S.C. § 841(b)(1)(B), as defined in 21 U.S.C. § 802(44), he still would be subject to the sentencing enhancement. This is because his 1990 Illinois conviction for manufacture/delivery of cannabis remains a felony drug offense, and only one felony drug offense is needed for the enhancement to apply. *See* Doc. 14 at 7-9.

## CONCLUSION

For the reasons stated above, Petitioner's Motion for Reconsideration (Doc. 16) is DENIED.

Signed on this 6th day of May, 2019.

*s/ James E. Shadid*
James E. Shadid
United States District Judge